**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Equus Computer Systems, Inc.,

Plaintiff,

v.

Northern Computer Systems, Inc., being sued as Northern Computer Technologies, Inc., d/b/a "Nortech Computer Systems, Inc.," and Jay T. Erickson,

Defendants.

Civil No. 01-657 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Barton C. Gernander, Esq. and Clint S. Bogden, Esq., Meagher & Geer, 4200 Multifoods Tower, 33 South 6th Street, Minneapolis, Minnesota 55402, appeared on behalf of Plaintiff.

Shannon M. McDonough, Esq., Fafinksi, Mark & Johnson, 6600 City West Parkway, Suite 300, Eden Prairie, Minnesota 55344, appeared on behalf of Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on November 9, 2001, pursuant to Plaintiff Equus Computer Systems, Inc.'s ("Equus") Motion to Dismiss the Counterclaim of Defendant Jay T. Erickson ("Erickson"). By his Counterclaims, Defendant Erickson alleges breach of contract, promissory estoppel, and violation of Minn. Stat. § 181.14 and requests injunctive relief to protect his asserted interest in the "configurator" program.[1] Having considered the parties' submissions and arguments at

[1] The parties informed the Court at hearing that they may have reached a settlement

(continued...)

FILED NOV 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

hearing, having thoroughly reviewed the record, and being otherwise duly advised in the premises, the Court grants Plaintiff's motion to dismiss.

## Background

The parties were previously before the Court on April 30, 2001, pursuant to Plaintiff's Motion for a Temporary Restraining Order. By a Memorandum Opinion and Order, dated May 4, 2001, the Court granted in part and denied in part Plaintiff's motion.

The current motion relates to Defendant Erickson's counterclaims against Plaintiff Equus. Plaintiff maintains that the operative facts relating to its claims against Erickson are distinct from the operative facts necessary to prove Erickson's counterclaims against Equus, and accordingly, the Court should decline to exercise supplemental jurisdiction over Defendant Erickson's counterclaims.

In its First Amended Complaint, Equus alleges against Defendants Erickson and Nortech: (1) misappropriation of trade secrets in violation of Minnesota Uniform Trade Secrets Act, Minn. Stat. §§ 325C.01, *et seq.*; (2) trespass to chattels; (3) conversion; (4) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and (5) violation of Electronic Communications Privacy Act, 18 U.S.C. §§ 2701, *et seq*. In addition, Plaintiff brings claims against Defendant Nortech for tortious interference with current contracts and against Defendant Erickson for breach of a duty of loyalty, breach of contract, and tortious interference with prospective contracts. By his Counterclaims, Defendant Erickson alleges breach of contract,

---

[1](...continued)
with respect to Defendant Erickson's counterclaim for injunctive relief relating to the configurator program. As such, the parties provisionally withdraw their arguments on this issue; and should the settlement not come to fruition, the Court will permit the parties to raise their arguments at a later time.

promissory estoppel, and violation of Minn. Stat. § 181.14 and requests injunctive relief to protect his asserted interest in the "configurator" program.

A summary of the facts from which the original action arose are as follows. Defendant Erickson was employed as a sales representative by Plaintiff Equus Computer Systems, Inc. ("Equus") from December 1996 through March 30, 2001. Sometime during February 2001, Defendant Erickson met with a representative of Defendant Nortech Computer Systems, Inc. ("Nortech"). In February and March 2001, Defendant Erickson sent eighty-three Equus documents via e-mail from his computer at Equus to his computer at home. Included among the documents were: (1) credit reports regarding Equus' Minnesota customers, providing the amount of equipment purchased, payment history, and credit limit per customer; (2) customer lists for all of Equus' Minnesota customers; (3) marketing and sales plans for 2001; (4) marketing promotions; (5) commissions and incentives paid to sales staff; (6) customer-requested quotes; (7) material costs and profit margins for products in inventory; and (8) a computer program designed to configure quotations for customers.

There is also evidence that a certain portion of Equus' Web site dedicated to account information and product estimates was accessed via the unauthorized use of customer passwords. Plaintiff contends and Defendant does not deny that such access occurred during the final week of Erickson's employment with Equus from both his Equus computer and computers at Nortech. In addition, on March 28, 2001, Erickson sent an e-mail containing a copy of the configuration program to an Equus customer, stating "This is proprietary and is not to be shared or distributed to anyone (including Equus) outside you organization."

On March 30, 2001, Defendant Erickson deleted the contents of the hard drive of his Equus computer and terminated his employment with Equus. Erickson began working at Nortech as a sales representative in the custom-built computer market on April 2, 2001.

## Discussion

### 1. Standard of Review

In deciding a motion to dismiss, the Court must assume all facts in the Complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the Complaint. *Id.* The Court may grant a motion to dismiss on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The Court need not resolve all questions of law in a manner which favors the complainant; rather, the Court may dismiss a claim founded upon a legal theory which is "close but ultimately unavailing." *Id.* at 327.

### 2. Issues

Plaintiffs contend that Defendant Erickson's state law counterclaims do not arise from the same nucleus of operative facts as that giving rise to its claims, *i.e.,* Erickson's termination of employment with Equus, and thus the Court should decline to exercise supplemental jurisdiction. Moreover, Plaintiffs contend that to exercise supplemental jurisdiction over Defendant Erickson's counterclaims would run counter to the interests of judicial economy and fairness. Defendant Erickson maintains, however, that indeed the claims and counterclaims arise from the same nucleus of operative facts, *i.e.,* Erickson's employment and termination from Equus, and to decline jurisdiction would defeat the interest of judicial economy.

"A district court may exercise supplemental jurisdiction over state law claims that arise from the same nucleus of operative fact as the plaintiff's federal claims and when the plaintiff would be ordinarily expected to try all the claims in one judicial proceeding." *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 973 (8th Cir. 1999) (citations omitted). Title 28 U.S.C. § 1367, the statute governing supplemental jurisdiction, states in relevant part that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367.

Indeed, as Defendant Erickson has directed the Court, other courts have found the exercise of supplemental jurisdiction to be appropriate in cases akin to the instant case where a claim for wages accompanies a substantive claim of personal injury, discrimination, or other similar substantive claim. *See, e.g.*, *Clarke v. Whitney*, 934 F. Supp. 148, 151-52 (E.D. Pa. 1996) (exercising supplemental jurisdiction over state law wage claim in action with original jurisdiction over federal discrimination claim); *Vidovic v. Losinjska Plovidba Oour Broadarstvo*, 868 F. Supp. 691, 695 (E.D. Pa. 1994) (exercising supplemental jurisdiction over personal injury claim in action with original jurisdiction over federal claim for wages under Seaman's Wage Act). However, the common relationship between the claims in each case is that the claim for wages arose from the very events giving rise to the accompanying substantive claim. In *Clarke v. Whitney*, the wages sought were those lost resulting from the disability discrimination already at issue. Likewise, in *Vidovic v. Losinjska Plovidba Oour Broadarstvo*, the wages sought were those lost subsequent to the accident giving rise to the personal injury claim at issue. The Court does not find the same relationship to exist between the claims at issue in this case.

In the instant case, Defendant Erickson contends that the evidence necessary to prove both sets of claims is overlapping, and thus, the exercise of supplemental jurisdiction is appropriate. While Defendant Erickson may be correct that some of the same documents will be considered to determine the validity of both parties' claims, Defendant Erickson has not contended that the claims arose from the same set of operative facts, *i.e.,* Erickson's termination from Equus. To the contrary, Defendant Erickson describes his claim for compensation as arising throughout the term of his employment with Equus. Apparently, the parties define the scope of the "nucleus of operative facts" in this case quite differently. While Plaintiff would define the scope as those facts relating to the termination of Defendant Erickson from his employment at Equus; Defendant Erickson would expand the scope to include both Erickson's employment at Equus and his termination. The Court does not view the nucleus of operative facts in this case to extend beyond the events leading to Erickson's termination from Equus. The Court declines to extend the scope of this case beyond Erickson's termination and the events leading to that culmination; and accordingly, the Court declines to exercise supplemental jurisdiction over Defendant Erickson's state law claims for compensation due.

For the reasons stated, **LET IT BE ORDERED** THAT:

1. Plaintiff's Motion to Dismiss the Counterclaim of Defendant Jay T. Erickson (Doc. No. 29) is **GRANTED**; and

2. Defendant Jay T. Erickson's Counterclaims Counts I: Breach of Contract, Count II: Promissory Estoppel, and Count III: Violation of Minn. Stat. § 181.14 are **DISMISSED WITHOUT PREJUDICE**; and

3. The Court reserves judgment on Plaintiff's Motion to Dismiss, pending the outcome of settlement discussions, with respect to Defendant Erickson's Counterclaim Count IV: Injunctive Relief to Protect Interest in Configurator Program.

Dated: November 14, 2001

DONOVAN W. FRANK
Judge of United States District Court