**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Equus Computer Systems, Inc.,

Plaintiff,

v.

Northern Computer Technologies, Inc., (d/b/a "Nortech Computer Systems"), and Jay T. Erickson,

Defendants.

Court File No. 01-657(DWF/AJB)

**STIPULATION AND PROTECTIVE ORDER**

**WHEREAS** the parties wish to preserve the confidentiality of information exchanged in this suit and establish a protocol for discovery of information stored on computers:

**IT IS HEREBY STIPULATED AND AGREED**, that:

## I. CONFIDENTIALITY

### A. Designation of Confidential Information.

There will be two categories of confidential information: (1) Confidential; and (2) Confidential – Attorneys' Eyes Only. Each party shall designate any material it deems to be confidential in the following manner:

(1) By stamping all documents with the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY."

(2) By imprinting the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission.

(3) All deposition transcripts shall be confidential for a period of thirty (30) days (unless otherwise agreed) after receipt of the transcript from the court reporter; thereafter, only such portions of a transcript as are affirmatively designated in writing by a party to be confidential shall be treated as confidential. The party designating a portion of a deposition transcript as confidential shall provide written notice to all parties by

NOV 28 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

listing the page and inclusive line numbers of the material to be kept confidential. In any deposition transcript in which any portion of the transcript has been designated confidential by any party, the court reporter, or the party holding the original transcript, shall imprint the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" on the front page of the original of the deposition transcript. A deposition containing confidential information shall not be filed with the court unless placed in a sealed envelope bearing the designation hereinafter provided for in this Stipulation.

(4) By identifying and describing in writing and in sufficient detail any non-written materials and by providing written notice to all other parties that such non-written material shall be kept confidential.

(5) By affixing to the canister or cassette of all videotapes and audiotapes the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY."

**B. Protection Afforded Confidential Information.**

Any document or thing designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" (as well as the material and/or data contained therein) shall remain confidential and shall be used solely for the purpose of this litigation. Neither party, their attorneys nor expert consultants shall, either directly or indirectly, transfer or disclose any other party's documents or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY." These restrictions apply equally to copies of confidential documents. Neither party, its attorneys, or expert consultants may communicate any of the data or information contained in confidential documents to any person other than those specified herein. Any information or document designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" shall not be used by the receiver of the document or information for any business or competitive purpose or function.

If documents are produced for the purpose of allowing opposing counsel to determine which of those documents counsel desires copies, such documents shall be treated as "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" pursuant to this Order, whether or not marked, until copies of the documents are requested and supplied. Thereafter, the documents copied and supplied shall be treated in accordance with the designation provided by the party supplying such documents.

Counsel receiving confidential information shall take reasonable steps to maintain its confidentiality, including, but not limited to:

(1) The parties shall refrain from referring in open court to the data and information contained in the documents or materials marked as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" without first discussing the disclosure with the trial judge regarding the potential disclosure.

(2) The parties shall refrain from referring to or eliciting testimony in open court concerning confidential information, documents or materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" without first discussing the disclosure with the trial judge regarding the proposed disclosure.

(3) All documents and all tangible things hereafter produced by any party (other than pleadings filed in this action) and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" shall be placed under seal by the Clerk, shall not be made a part of the public record herein, and shall be returned to the respective party promptly within thirty (30) days upon completion of this litigation.

(4) All portions of all pleadings, motions, briefs, memoranda, other documents or things filed with the Court purporting to reproduce or paraphrase confidential information, as well as the entire transcript of every deposition and other trial testimony and all exhibits, answers to interrogatories, responses to requests for production of documents, and responses to requests for admissions filed with the Court shall be filed in sealed envelopes or otherwise appropriate sealed containers on which shall be endorsed the title of this action, and an indication of the nature and contents of such sealed envelope or other container, the words "CONFIDENTIAL-PROTECTIVE ORDER" or the like and a statement substantially in the following form:

THIS ENVELOPE CONTAINS A DEPOSITION TRANSCRIPT, DOCUMENTS OR INFORMATION WHICH HAS BEEN DESIGNATED AS 'CONFIDENTIAL,' 'HIGHLY CONFIDENTIAL,' OR 'CONFIDENTIAL - FOR COUNSEL'S EYES ONLY' AND IS NOT TO BE OPENED AND ITS CONTENTS ARE NOT TO BE DISCLOSED TO ANY PERSON OTHER THAN THE COURT OR ITS CLERKS EXCEPT BY ORDER OF THE COURT, OR UPON THE STIPULATION OF THE PARTIES.

The fact that the entire transcript, answers or response is filed under seal shall not thereby restrict any use which may be made of any part of such transcript, answers or response not designated as confidential.

**C. Persons with access to information designated as confidential.**

Access to documents and things (and the material contained in them) designated as 'CONFIDENTIAL' shall be limited to the Court and its officers, the attorneys for the parties, and the principals of the parties. Expert consultants shall be allowed to review only those confidential documents or things which are relevant to their specific field of expertise, and subject to the restrictions described in this stipulation.

**D. Persons with access to information designated "Confidential – For Counsel's Eyes Only."**

Only members of Meagher & Geer, P.L.L.P. or Fafinski, Mark & Johnson may be permitted to view documents designated as "Confidential – For Counsel's Eyes Only." In the event parties to the litigation retain other firms or attorneys, the newly retained firms would be permitted to view documents with this designation.

**E. Persons with access to information designated "Highly Confidential."**

Access to documents and things (and the material contained in them) designated as 'HIGHLY CONFIDENTIAL" shall be limited to the Court and its officers, the attorneys for the parties, **and two witnesses designated by each party**. Expert consultants shall be allowed to review only those documents or things designated as "HIGHLY CONFIDENTIAL" which are relevant to their specific field of expertise. Nothing in this paragraph shall limit the ability of employees or representatives of the party designating documents or things as "HIGHLY CONFIDENTIAL" to use such documents or things during the course of a deposition or at trial.

**F. Execution of Written Assurances.**

Each of the principals and expert consultants designated to receive confidential information shall execute a "WRITTEN ASSURANCE" in the form attached as Exhibit A. Principals and expert consultants shall be identified to counsel for the party which has designated such information as confidential at least ten (10) days prior to disclosure of any documents or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY." If a party objects to disclosure to such outside expert consultants, it shall notify the designating party in a similar manner within the ten (10) day time period after receiving notice and shall move the Court within seven (7) days thereafter for a ruling on whether 'CONFIDENTIAL' or "HIGHLY CONFIDENTIAL" information may be so disclosed. If a party objects, no disclosure shall be made without prior approval of the Court or the party. The party seeking disclosure to expert consultants shall have the burden of establishing the need for disclosure of documents or things designated as 'CONFIDENTIAL' or "HIGHLY CONFIDENTIAL" under the terms of this stipulated Protective Order.

**G. Objection to Designation of Information.**

The parties will resolve any disputes over the classification of material in a manner consistent with the requirements of the Local Rules of the United States District Court for the District of Minnesota.

**H. Unauthorized disclosure.**

In the event of disclosure of information or materials designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" to a person not authorized to receive such material under the terms of this Order, the party responsible for or having knowledge of the unauthorized disclosure shall immediately inform opposing counsel and, to the extent possible without violating attorney-client, attorney work-product or other privileges, disclose all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the information or materials is made by anyone, and each party will cooperate in that effort. The party that produced such disclosed information shall retain all rights and remedies otherwise allowed by law.

**I. Departure or termination of persons authorized to access information designated as confidential.**

In the event that any person permitted by this Agreement to receive or review confidential information or documents ceases to be engaged in the preparation for, or trial of, this case, access by such person to documents and information designated to be shall be terminated. However, the provisions of this Agreement shall remain in full force and effect as to all persons who have obtained access to information and/or documents designated to be confidential hereunder, except as may be specifically ordered by the Court.

**J. Additional disclosure of information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY."**

Nothing contained herein shall prevent disclosure beyond the terms of this Agreement if the party producing such information knowingly consents to such disclosure in writing or on the record, or if the Court, after notice to and opportunity to be heard by all affected persons, allows such disclosure.

**K. Inadvertent disclosure.**

The inadvertent production or disclosure of any documents, material or information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL - FOR COUNSEL'S EYES ONLY" or subject to the attorney-client privilege, attorney- work product privilege, or any other applicable privilege shall not be deemed a waiver, in whole or in part, of the

producing party's or non-party's claim of such privilege. The parties agree that they shall not argue that such inadvertent disclosure constitutes a waiver, in whole or in part, of any privilege. The parties further agree that all such documents or materials inadvertently disclosed (and all copes of such materials) shall be returned to the producing party or non-party within twenty-four (24) hours after written demand for such return is made by the producing party or non-party. The parties shall retain all rights and remedies otherwise allowed by law.

**L. Return of Information.**

Within thirty (30) days after the completion of this litigation, each party shall return to the opposing party all confidential documents and materials (including any copies) and shall destroy all extracts and/or data taken from such documents. Along with the materials returned, each party should furnish a certification that it has fully complied.

**M. No Admission.**

This stipulation shall not be construed as an admission by any party that any material designated confidential is actually entitled to confidential treatment pursuant to Fed. R. Civ. P. 26(c). Any party may object to the designation by any other party of any material as confidential by notifying the party that designated the material as confidential in writing and stating the basis for its objection. If the parties thereafter are unable to resolve the matter, it shall be submitted to the Court for resolution. The party claiming the material in question is confidential shall bear the burden of proof on that issue. Pending resolution by the Court, all materials designated by a party to be confidential shall be treated as confidential.

**N. Information Acquired Independently.**

Nothing in this stipulation shall impose any restrictions on any party with respect to information, documents, materials and/or tangible items the party may have or may acquire independently of another party's response to discovery requests. Notwithstanding the foregoing, to the extent that any party produces documents which the other party considers to be as confidential, the producing party agrees to treat those documents as confidential pursuant to this Stipulation upon notice from the other party. Nor shall this stipulation limit the use of matters in the public record. This stipulation shall not be construed to prohibit any party from contacting any person merely because the person's identity is disclosed in a document or material designated by a party as confidential.

**O. No waiver.**

Nothing in this Stipulation and Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege, or on other grounds not related to the confidentiality of the documents being produced.

**P. Modification.**

Any party for good cause shown may apply to the Court for a modification of this Stipulated Protective Order. The party requesting such modification shall have the burden of proving that the requested modification is necessary or in the interest of justice.

**Q. Term.**

This Stipulated Protective Order shall survive the termination of this legal action.

## II. PROTOCOL

The parties submit the following instructions concerning the computer analysis of three computers relevant to this litigation:

I) Mr. Jay Erickson's personal computer;
II) The computer used by Mr. Erickson while working at Nortech;
III) The computer used by Mr. Erickson while working at Equus.

### Scope of Search

It is the parties' understanding that FTI / LWG Consulting has made a mirror image of the hard drives for each of these three computers. Accordingly, the hard drives are available to FTI in the event that the parties wish to expand their search beyond the parameters discussed here. These parameters are guidelines, not limitations on discovery in this case. Should FTI have a question as to the scope of the search, they are encouraged to contact counsel for each of the parties and to err on the side of inclusiveness.

Erickson's personal computer

The scope of the initial search should include:

- All documents or files evidencing communications between Erickson's home computer and Equus Computer Systems, Inc.; as well as:
  - all documents, files, or attachments included with those communications;
- All documents or files transferred from Equus Computer Systems, Inc. to Erickson's home computer (or *vice versa*);
- All communications, documents, or files regarding Erickson's contact with customers; EXCEPT

  - Production of communications, documents, or files reflecting Erickson's contact with customers after April 2, 2001 shall be limited to those documents referring to, reflecting, memorializing, or constituting communication with Equus' customers or making use of documents or information obtained from Equus;

- All communications, documents, or files that evidence Erickson's attempts to access password protected areas of Equus' website; and

- All communications, documents, or files regarding Erickson's contact with Nortech, EXCEPT

  - Production of communications, documents, or files after April 2, 2001 shall be limited to those documents referring to, reflecting, memorializing, or constituting communication with Equus' customers, making use of documents or information obtained from Equus, or referring to Equus or Equus employees.

Nortech Computer used by Erickson

- All documents or files evidencing communications between Erickson's Nortech computer and Equus Computer Systems, Inc.; as well as:

  - all documents, files, or attachments included with those communications;

- All documents or files transferred from Equus Computer Systems, Inc.

- All communications, documents, or files regarding Erickson's contact with customers EXCEPT

  - Production of communications, documents, or files reflecting Erickson's contact with customers after April 2, 2001 shall be limited to those documents referring to, reflecting, memorializing, or constituting communication with Equus' customers or making use of documents or information obtained from Equus.

- All communications, documents, or files that evidence Erickson's attempts to access password protected areas of Equus' website; and

- All communications, documents, or files regarding Erickson's contact with Nortech prior to April 2nd, 2001.

Erickson's Equus Computer

- All communications that were transferred, copied or deleted from computer III to Jay Erickson's personal computer, including attachments; and

- all communications that were transferred, copied or deleted from Erickson's Equus computer to Nortech.

It is understood that FTI's search will include documents currently preserved on the computers, as well as those that have been deleted. Equus has specifically requested identification of responsive documents that have been deleted on or after April 27, 2001.

After FTI / LWG Consulting compiles a list of the responsive documents, counsel for both parties will meet and confer with FTI to determine how to proceed.

Dated: 10-31, 2001

**THOMAS E. PROPSON** (#231046)
**CLINT S. BOGDEN** (#290154)
*MEAGHER & GEER, P.L.L.P.*
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, Minnesota 55402
(612) 338-0661

*Attorneys for Plaintiff Equus Computer Systems, Inc.*

Dated: 11-26, 2001

Shannon M. McDonough

**DONALD CHANCE MARK, JR.** (#67659)
**SHANNON M. MCDONOUGH** (#259512)
*FAFINSKI MARK & JOHNSON, P.A.*
6600 City West Parkway, Suite 300
Eden Prairie, MN 55344
(952) 995-9500

*Attorneys for Defendants*

**ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties,

**IT IS HEREBY ORDERED:**

1. That all discovery shall proceed subject to the above Stipulation and this Order, including Exhibit A.

BY THE COURT:

Dated: 11/28/01

Honorable Arthur J. Boylan
Magistrate Judge of United States District Court
District of Minnesota

# EXHIBIT A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

______________________________ states as follows:

1. That he/she resides at ______________________________ in the city of ______________, county of ______________, and state of ______________;

2. That he/she has read and understands the protective order dated ______________, entered in Court File No. 01-657(DWF/AJB) pending in the United States District Court for the District of Minnesota;

3. That he/she is currently employed by ______________________________ located at ______________________________ and his/her current job title is ______________________________.

4. If other than attorneys or principals of the parties:

   My area of expertise is ______________________________

   The subject matter(s) of the documents that I will be reviewing is/are the following:
   ______________________________
   ______________________________
   ______________________________
   ______________________________

5. That he/she agrees to comply with and be bound by the provisions of the protective order;

6. That counsel who has retained or consulted with him/her has explained the terms thereof;

7. That he/she will not divulge to persons other than those specifically authorized by said protective order, and will not copy or use, except solely for the purposes of this litigation, any documents, information or things as designated 'CONFIDENTIAL' as defined by the protective order, except as provided therein.

8. That he/she submits himself or herself to the jurisdiction of the United States District Court for the District of Minnesota for the purposes of enforcing, modifying or seeking other relief under the Protective Order.

9. As soon as practical, but no later than twenty (20) days after final termination of this legal action, he/she will return to trial counsel, from whom he or she has received same, all documents and things containing confidential information, including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices related thereto, which have come into his/her possession, custody or control and all documents and things which he/she has prepared relating thereto.

10. That he/she realizes that any violation of said Stipulated Protective Order may subject him/her to sanctions by the Court, including punishment for civil contempt.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: ________________, 2001. ________________________________________

Subscribed and sworn to before me
this _____ day of ______, 2001.

______________________________
Notary Public

921235

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.