**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Equus Computer Systems, Inc.,

Plaintiff,

v.

Northern Computer Technologies, Inc.
(d/b/a "Nortech Computer Systems"), and
Jay T. Erickson,

Defendants,

Civil No. 01-657 (DWF/AJB)

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's motion for leave to amend the complaint to add claims and to add a defendant [Docket No. 38]. Hearing was held on December 4, 2001, at the U.S. Courthouse, 316 No. Robert Street., St. Paul, Minnesota. Clint S. Bogden, Esq., appeared on behalf of the plaintiff. Shannon M. McDonough, Esq., appeared on behalf of the defendants. The Court is advised that defendants' pending motion to amend their counterclaim [Docket No. 57] is not opposed and the motion therefore shall be granted. The Court is further advised that discovery in this matter shall be subject to terms of a Stipulation and Protective Order [Docket No. 59], executed by counsel and the Magistrate Judge and filed with the Court on November 28, 2001. Plaintiff's pending motions to compel discovery [Docket Nos. 34 and 35] are therefore moot.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to compel discovery is **moot** [Docket Nos. 34 and 35];

2. Defendants' motion to amend the counterclaim to assert a copyright infringement action pursuant to the Federal Copyright Act is **granted** [Docket No. 57].

FILED DEC 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Defendant Jay T. Erickson is permitted to serve defendants' proposed answer and amended counterclaim as submitted along with this motion; and

3. Plaintiff's motion for leave to amend the complaint to add claims and to add Sean Quinlan as a defendant is **granted** [Docket No. 38]. Plaintiff is permitted to serve and file its proposed amended complaint.

Dated: 12/5/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff in this matter seeks to amend the complaint to add Sean Quinlan as an additional defendant and to add additional claims for copyright infringement, Sherman Antitrust Act violation, tortious interference with contract, and violation of the Minnesota Uniform Deceptive Trade Practices Act. Defendants are not opposing amendment with respect to the copyright infringement claim but otherwise oppose an order granting leave to amend, asserting that no facts or documents have been presented to support the additional claims, and that the motion to add Sean Quinlan as a defendant should be denied in the absence of an anti-compete agreement or other particularized evidence to support claims against him.

Fed. R. Civ. P. 15(a) permits amendment to the complaint by leave of court and mandates that leave be freely given when justice requires. The court has broad discretion in

determining whether to grant leave to amend. Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962). In this instance the motion to amend to add a party is timely, relates to the same set of circumstances, and is not shown to be futile as a matter of law. While defendants assert futility as a basis for denying leave to amend to allege the additional claims, in the absence of pertinent fact discovery the Court is not persuaded at this stage of the proceedings that no facts exist which would support the additional allegations and that leave to amend should be denied on futility grounds. Certainly the addition of claims and parties may broaden the scope of discovery and places the burden of litigation on the new defendant, but the Court finds no inherent prejudice under the present circumstances where the proposed amended complaint appears to meets the notice pleading requirements of an initial complaint and a second complaint naming the proposed defendant and involving the additional proposed claims would not be precluded.